Morphy, J.
James .Chambers was the holder of a note for $675, drawn by the deceased, Charles F. Stafford, on the 1st of February, 1836, and payable on the 1st of February, 1838, with interest, at ten per cent per annum, from the date of the note, if not punctually paid at maturity. At a meeting of the creditors of the estate, held on the 9th of August, 1841, he appeared and claimed, that a slave named Tom, in payment for whom a note was given, and who was mortgaged to secure its payment, should be sold for cash. The sale was made only on the 7th of February, 1843, and the slave was bought by Chambers for $ 1100» The administratrix of the estate having filed her tableau of distribution previously to the day of this sale, Chambers, whose claim was not mentioned thereon, filed an opposition, praying to be placed upon it, so that he might be paid out of the general fund of the estate as an ordinary creditor, in case the slave mortgaged to him did not bring an amount sufficient to satisfy his whole claim, which, with interest, at ten per cent up to the 7th of February, 1843, would amount to $1153 36. There was a judgment below in favor of the opponent for $53 36, as an ordinary debt due to, him, over and above the proceeds of the sale of thé mortgaged slave ; and from this judgment the administratrix appealed.
The appellant’s counsel has urged, that the opposition of Cham *179 bers should be dismissed, and the balance of $53 36, which he claims, disallowed, as, by receiving $1100, the price of the slave Tom, he has been overpaid ; that his claim consists of back interest, which, under the decisions of this court in Griffin v. His Creditors, (6 Rob. 216,) and in Stone v. Tew and another, (9 Rob. 194,) has been declared to be illegal and usurious. The doctrine settled in these cases has not been impugned by the appellee’s counsel, but he contends, that the homologation of the proceedings of the creditors before the notary, which w.as pronounced at the prayer of the administratrix on the 6th of September, 1841, should bar her from appealing. The proceedings had before the notary, and the judgment pronounced upon them, have no relation whatever to the matter in controversy in, the present case. They relate entirely to the sale of the property, and have nothing to do with the legal rights and claims of the creditors, which must be settled on the tableau of distribution subsequently filed. As to the motion to dismiss the appeal, on the ground that the sum in dispute is below the jurisdiction of this court, it is sufficient to say, that the appellee claimed in his opposition, to be placed on the tableau for the whole amount of his debt, not knowing then what would be the price brought by the slave, who was to be sold a few days after. It is the amount claimed, and not that allowed by the judgment below, which gives us jurisdiction.
Edelen, for the appellant.
Hyams, for the opponent
It is, therefore, ordered and decreed, that the judgment of the Court of Probates be reversed, so far as it relates to the $53 86? allowed to the opponent, Chambers ; and that his opposition be dismissed, with costs in both courts.